UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASCOVICH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | No.  2:20-cv-1862-KJN<br><br><u>ORDER</u><br><br>(ECF Nos. 29, 31) |

Presently before the court is counsel for plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $25,000.00—approximately 25% of plaintiff's past-due benefits.[1]  Plaintiff agrees to credit plaintiff $9,526.22 for EAJA fees previously paid from the two appeals.  (ECF No. 29 at 1.)

For the reasons that follow, the undersigned grants the motion for attorney's fees in the amount of $25,000.00 with a reimbursement to Wascovich of $9,521.22 in previously awarded EAJA fees.

///

///

///

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636(c) based on the consent of all parties.  (ECF Nos. 9, 10, 12.)

1

**Background**

On September 19, 2019, Magistrate Judge Edmund F. Brennan remanded plaintiff's first case for further administrative proceedings. Wascovich v. Comm'r, No. 18-cv-659-EFB, 2019 WL 4572084, at *1 (E.D. Cal. Sept. 20, 2019) ("WASCOVICH I") (ECF No. 18.) The parties stipulated to an award of fees and costs under the Equal Access to Justice Act ("EAJA"), and Magistrate Judge Brennan awarded attorney's fees in the amount of $4,121.22. (Id. at ECF Nos. 20-21.) On May 22, 2020, plaintiff had a new hearing and the ALJ determined plaintiff could perform some work with limitations. (ECF No. 19 at 4-5.)

Plaintiff again brought an action before the court and filed a motion for summary judgment. (ECF No. 19.) On October 6, 2021, the undersigned remanded the case based on the parties' stipulation to voluntary remand pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 25.) Thereafter, the parties again stipulated an award of fees and costs under the EAJA, and the undersigned awarded attorney's fees in the amount of $5,400.00. (ECF Nos. 27, 28.) On second remand, the ALJ found plaintiff disabled and awarded past-due benefits in the amount of $101,799.23. (ECF No. 29-3.)

Plaintiff's counsel now moves for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $25,000.00, or approximately 25% of plaintiff's past-due benefits with a credit to plaintiff of $9,526.22 [sic] for EAJA fees previously awarded. (ECF No. 29 at 1.)

**DISCUSSION**

Title 42 U.S.C. § 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may. . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht v.

1   Barnhart, 535 U.S. 789, 798 n.6 (2002).  Thus, "[b]ecause the [Commissioner] has no direct

2   interest in how much of the award goes to counsel and how much to the disabled person, the

3   district court has an affirmative duty to assure that the reasonableness of the fee is established."

4   Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

5          In reviewing the fee request, the district court is to look first to the parties' contingency-

6   fee agreement, then test it for reasonableness—always respecting "the primacy of lawful attorney-

7   client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (2002) (noting that courts following this

8   method have "appropriately reduced the attorney's recovery based on the character of the

9   representation and the results the representative achieved").  To this end, the Ninth Circuit

10  instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case.  As an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, but not as a basis for satellite litigation, the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases.

17  Crawford, 586 F.3d at 1148 (citations omitted).  The attorney bears the burden of establishing the

18  reasonableness of the fee.  Gisbrecht, 535 U.S. at 807 fn.17.

19         In support of the motion for attorney's fees, plaintiff's counsel attached an attorney-client

20  agreement that provides for a contingent fee of up to 25% of any past-due benefits.  (ECF No. 29-

21  1.)  The Notice of Award indicates plaintiff was awarded $101,799.23 in past-due benefits, 25%

22  of which ($25,449.80) was withheld.  (Id. at 3; 29-3.)  Plaintiff's counsel now seeks attorney's

23  fees of $25,000.00.  (ECF No. 29 at 1.)  The Commissioner neither assents nor objects to the fee

24  request and takes no position on the reasonableness of the request.  (ECF No. 31.)

25         In light of the guidance provided in Crawford, the court finds counsel's fee request here to

26  be reasonable.  As an initial matter, agreements providing for fees of 25% of past-due benefits are

27  the "most common fee arrangement between attorneys and Social Security claimants." Crawford,

28  586 F.3d at 1147.  Additionally, neither the undersigned nor the Commissioner sees any

indication plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years and multiple appeals ultimately resulted in a fully favorable decision for plaintiff and an award of substantial benefits.

Furthermore, the total amount sought ($25,000.00) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. Plaintiff's counsel indicates their firm dedicated 49.8 hours to this case. (ECF No. 29 at 18.) Although counsel's billing statement indicates only 24.8 hours dedicated to the case, it is clear from the dates of the entries that this is only the hours expanded relating to the first case before Magistrate Judge Brennan. (ECF No. 29-4.) Considering the 49.8 hours expanded on this case, the effective hourly rate would be $502, which the court finds not unreasonable. Even assuming, arguendo, the true hours expanded on both appeals are only 24.8 hours,[2] the effective hourly rate of $1,008 cannot be said to amount to a windfall to plaintiff's counsel given the guidance in Crawford. See Langston v. Saul, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (awarding fees on an effective hourly rate of $1,453.42, when counsel requested $23,400 for 16.10 hours of attorney work); Thomas v. Colvin, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (awarding fees on an effective hourly rate of $1,093.22 for 40.8 hours of work); see also Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (noting that "[r]educing § 406(b) fees after Crawford is a dicey business").

Finally, it is important to note that plaintiff's counsel also assumed the risk of receiving no compensation, as plaintiff's application was denied twice at the administrative level since the initial application for Supplemental Social Security Income filed on April 11, 2013. (ECF No. 19 at 3-4.) The court finds the fee amount requested is reasonable in light of the years of litigation and the result achieved, as well as the lack of evidence suggesting dilatory conduct or a windfall to counsel.

For these reasons, the court awards plaintiff's counsel the requested amount of $25,000.00 in attorneys' fees under 42 U.S.C. § 406(b). The court directs the full amount be paid to plaintiff's present counsel, who shall then be responsible for reimbursing to plaintiff the

---

[2] The court notes the Commissioner's response calculates the hours expended on the case as 23.3 but the court does not find support for this in the record. (See ECF No. 31 at 4; ECF No. 29-4.)

previously awarded EAJA fees of $9,521.22.[3]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 29) is GRANTED, and plaintiff's counsel is awarded $25,000.00 from the withheld amounts;
2. Counsel is ordered to reimburse plaintiff $9,521.22 in previously awarded EAJA fees; and
3. Any past-due benefits withheld by the Commissioner in excess of the amount awarded shall be released to Wascovich after all fee petitions are resolved.

Dated:  February 10, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wasc.1862

---

[3] The court further notes plaintiff's motion calculates the total EAJA fees at $9,526.22 but the record reflects an actual total of $9,521.22. (ECF No. 29 at 1; WASCOVICH I at ECF Nos. 20-21 and 27-28.)